Bullakd, J.
The act concerning the police of slaves in certain cases and for other purposes, provides, among other things,' that “ any person being the proprietor of a plantation, or acting for the proprietor of a plantation, on which he employs slaves for the cultivation of the soil, shall be bound to have, permanently on *49 his plantation, or on the plantation which he oversees, a white person for every thirty -slaves working on said plantation, to oversee the said slaves, and maintain a good police among them.” Sect. 1.
The third section provides, that “any planter who shall not comply with the provisions of the act, shall, on conviction thereof, be condemned to pay a fine, not less than $100, and not exceeding $500, to be recovered on motion of the Attorney of the District within which the said offender may reside, one half to the benefit of the informer, and the other to the parish in which the said offender may reside.” B. & C.’s Digest, p. 65.
Bills of indictment were found by the grand jury of the parish of Rapides against Thomas Neal, the manager of the plantation belonging to the heirs of Linton, and against Thomas and Flint, executors of the last will of M. P. Flint, and who had the management of a plantation belonging to the estate, for neglecting to comply with the requisitions of the statute, and they were found guilty.
After verdict the District Attorney entered a formal written notice, in which he represents to the court, that the defendants have been duly convicted under the statute, and he prays for judgment against each defendant, for the sum of $500, and that the same may be recovered according to the provisions of the act of the Legislature in that case made and provided. The indictment, and proceedings had thereon, are particularly referred to, and made part of the motion.
Judgment was accordingly rendered on the motion, against each of the defendants for $100, and they were therefrom allowed an appeal to this court.
It has been urged that this statute does not create an indictable offence, and we find no difficulty in coming to that conclusion, ' as the statute provides a special manner of proceeding by motion of the District Attorney, and no part of the fine or penalty goes to the state. It is true the statute speaks of conviction, but any legal evidence of the fact of neglect, satisfactory to the mind of the court, and sufficient to sustain the motion of the District Attorney, would suffice without a formal indictment and verdict of the petit jury. It is no where made the duty of the court to *50 give this statute in charge to the grand jury. The statute itself .does not seem to contemplate a criminal, but rather a penal proceeding ; for the second section of the same act makes it the duty of the Parish Judge to visit the plantations, at least twice a year, on which there are more than thirty working slaves, in order to secure the faithful execution of the law ; and it directs that he shall make use of the declaration annually made by every slaveholder, to ascertain whether the said slaveholders have faithfully complied with the provisions of the said section.
This ease differs materially from that of The State v. Williams, lately decided in the eastern district, in which we held that the’statute prohibiting the importation of slaves convicted of certain infamous crimes, does create an indictable offence.
In the case now before us, we think that the regulation of police in question, gives a civil penalty, to be recovered on motion by the District Attorney.
But we do not think the precaution taken by the District Attorney to proceed under the sanction of the grand inquest of the parish, and to procure a previous verdict of a traverse jury, thus making most manifest the fact of the delinquency, vitiates the proceeding as a civil one, on motion for the recovery of the penalty. Such a motion might have been made on the mere volition of the District Attorney ; and supported by the evidence in this record, independently of the verdict of the traverse jury, must have prevailed. We have in the record the essential forms of proceeding for the recovery of the penalty, and may lay aside as useless the indictment, arraignment and trial. Utile per inu-tile nonvitiatur. The facts proved and admitted in the record fully make out the case under the statute.

Judgments affirmed.